IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARETI SHIPPING LTD.

                      Plaintiff,                            Civil Action No.

     v.

WINDROSE SPS SHIPPING & TRADING
SA

                      Defendant,

GAVILON GRAIN LLC
                     Garnishee

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff Areti Shipping Ltd. (hereinafter "Areti"), by its attorneys, Palmer Biezup & Henderson, LLP, as and for its Complaint against Defendant Windrose SPS Shipping and Trading SA (hereinafter "Windrose"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract.  As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. This Complaint is being filed to obtain security pursuant to Supplemental Admiralty Rule B in connection with the enforcement of an arbitration award dated November 22, 2017 that was issued as the result of a London arbitration between Areti and Windrose in connection with the Charter Party dated January 20, 2017 for the vessel M/V TASOS.

3.   This Complaint is also brought to obtain security pursuant to Supplemental Admiralty Rule B in connection with Plaintiff Areti's indemnity claim against Windrose for Areti's settlement with World Fuel Services (SINGAPORE) PTE LTD, trading as World Fuel Services, for having to pay $65,000.00 to discharge a maritime lien against the M/V TASOS for bunkers ordered and contracted for by Windrose with Windrose never paying the bunker supplier's invoice resulting in the bunker supplier threatening the arrest of the M/V TASOS.

## The Parties

4.   At all times material hereto, Plaintiff Areti was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Trust Company Complex, Aletake Road, Ajeltake Island, Majuro MH96960, Marshall Islands, and the registered owner of the M/V TASOS, an ocean going vessel.

5.   At all times material hereto, Defendant Windrose was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and principal place of business at Rue de la Coulouvreniere 29, 1204 Geneva, Switzerland, and the time charterer of the vessel M/V TASOS pursuant to a charter party dated January 20, 2017.

6.   Defendant Windrose has no known office, business presence or agent(s) in the District of Delaware.

7.   Upon information and belief Defendant Windrose had or has ongoing business relationships with various companies, including the below named Garnishee, whom is formed under the laws of Delaware and is subject to service of process in Delaware.

8.   Garnishee Gavilon Grain, LLC, is a limited liability company organized and existing under the laws of the state of Delaware, with a registered agent located at Capitol Services, Inc., 1675 South State Street Suite B, Dover, Delaware 19901.

## COUNT I

### The Underlying Dispute and Arbitration Award

9.     Pursuant a time charter party dated January 20, 2017, which is subject to English law, Plaintiff Areti chartered the vessel M/V TASOS to Defendant Windrose for one time charter trip "TO CARRY GRAINS FROM ECSA to FEAST …DURATION ABT 80-100 DAYS…" at a flat rate of $6,950 per day (hereinafter the "Charter Party").  A copy of the Charter Party is attached hereto as *__Exhibit 1__* and incorporated by reference herein.

10.     On January 13, 2017 Plaintiff Areti duly delivered the vessel M/V TASOS to charterer Windrose in accordance with the terms of the Charter Party.

11. On April 17, 2017 Charterers Windrose redelivered the vessel M/V TASOS to Owners Areti.

12.     At the end of the charter period Defendant Windrose owed Plaintiff Areti a total of $52,884.72 in charter hire based on the terms of the Charter Party. On April 24, 2017 Defendant Areti issued a Preliminary Final Hire Statement setting forth the outstanding hire owed by Defendant Windrose under the Charter Party. This Charter hire was never paid by Windrose which was a breach of the aforesaid Charter Party.

13.     While the M/V TASOS was on hire Charterers Windrose were required under the terms of the Charter Party to provide and pay for all bunker fuel ("bunkers") including the replenishment of bunkers that were aboard the vessel at the time of delivery.

14.     While the M/V TASOS was still on hire, Defendant Windrose ordered $179,281.00 in bunkers which were delivered to the M/V TASOS on April 8, 2017 in Singapore through bunker suppliers Fratelli Cosulich Unipessoal SA ("Fratelli").  Windrose failed to pay for said bunkers it ordered as required under the terms of the Charter Party.

15. As the result of Defendant Windrose's breach of the Charter Party by failing to pay for the $179,281.00 in bunkers it had ordered from Fratelli, the M/V TASOS was arrested in Brazil on May 30, 2017 by Fratelli to secure their claim for the unpaid bunker invoice.

16. To obtain the release of the M/V TASOS from the May 30, 2017 arrest in Brazil Plaintiff Areti was required to settle Fratelli's claim which was based on the unpaid invoice in the amount of $179,281.00 for bunkers ordered by Defendant Windrose. Plaintiff Areti paid a total of $115,000.00 to Fratelli to settle said Fratelli claim and the vessel was released by the Brazilian authorities.

17. Plaintiff Areti incurred legal fees in the amount of $3,230 to obtain the release of the M/V TASOS from the arrest in Brazil.

18. The $115,000.00 Plaintiff Areti was required to pay to settle the Fratelli claim to obtain the release of the M/V TASOS from the arrest in Brazil and the legal fees incurred by Areti in connection with the Brazilian proceeding have never been paid by Defendant Windrose.

19. On May 30, 2017 Plaintiff Areti, by and through their London solicitors, commenced arbitration in London to recover the above amounts owed by Windrose under the terms of the Charter Party plus interest, expenses, costs, and attorneys' fees, all of which are recoverable in London arbitration as elements of the claim. The May 30, 2017 Notice of Commencement of Arbitration is attached as ***Exhibit 2***.

20. Following the completion of the London Arbitration proceedings Arbitrator Alan Oakley issued an Arbitration Award in the amount of $169,657.70 plus $33,994.94 (£26,139.81) in solicitors' fees and expenses and $7,665.87 (£5,900) for the arbitration tribunal costs and interest at 5% per annum. The total interest awarded is $27,204.99. The November 22, 2017 Arbitration Award is attached as ***Exhibit 3***.

4

21.     Plaintiff Areti estimates, as nearly as can be calculated, the following recoverable losses that are being claimed in connection with the London arbitration award: (a) $169,657.70 in the awarded amount under the charter party; (b) $33,994.94 (£26,139.81) (c) $7,665.87 (£5,900) in arbitration tribunal costs; and (d) interest of $27,204.99 in interest at 5% per annum under the arbitration award. The total amount due Plaintiff Areti's pursuant to the November 22, 2019 arbitration award is $238,523.50.

## COUNT II

### Indemnity Claim for Payment for Bunkers Ordered and Purchased by Windrose

22.     The allegations set forth in Paragraphs 1 through 21 are incorporated herein.

23.     In addition to the sums owed by Defendant Windrose as set forth above, Defendant Windrose is further liable in an amount no less than $65,000.00 for damages incurred by Plaintiff Areti because of Defendant Windrose's failure to pay for bunkers supplied to the M/V TASOS at Algoa Bay, South Africa, on or about March 19, 2017.

24.     Under the Charter Party, Defendant Windrose was obligated to provide and pay for bunkers (Charter Party clauses 2 and 61), and was further obligated to "not directly or indirectly suffer, nor permit to be continued, any lien, any encumbrance, or any rights of any kind whatsoever over the Vessel in respect of the supply of bunkers." (Charter Party clause 126).

25.     Defendant Windrose for its own account arranged for bunkers to be supplied to the M/V TASOS on or about March 19, 2017, at Algoa Bay, South Africa.

26.     In breach of its obligations under the Charter Party, Defendant Windrose failed to pay for those bunkers which were supplied to the vessel, with the result that World Fuel Services (Singapore) Pte. Ltd.—the entity from whom Defendant Windrose had contracted to purchase

PBH570113.1

the bunkers—threatened to enforce a claim of lien against the vessel in the amount of $150,732.64 for the price of the bunkers plus interest and fees.

27.     To avoid arrest of its vessel, Plaintiff Areti in or about April 2019 paid $65,000.00 in fair and reasonable settlement of World Fuel Services' claim of lien. Attached as ***Exhibit 4*** is a true and correct copy of the Mutual Release and Settlement Agreement with World Fuel Services.

28.     Under the Charter Party, as well as principles of express or implied indemnification and subrogation, Defendant Windrose is liable to Plaintiff Areti for the principal amount of $65,000.00 paid to discharge the claim of lien by World Fuel Services, plus interest at the rate of no less than 5% per annum, which interest to date amounts to no less than $2,012.33.

## PRAYER FOR RELIEF

29.     To date, the total amount owed by Windrose for both the Arbitration Award and the Indemnity Claim is no less than $305,535.83.

30.     Upon information and belief and after investigation, Plaintiff Areti submits that Defendant Windrose cannot be "found" within this District for the purpose of an attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

31.     Upon information and belief, Defendant Windrose now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District and Plaintiff is entitled to attach Defendant's property within the District pursuant to Supplemental Admiralty Rule B.

32.      Upon information and belief, the named Garnishee, Gavilon Grain, LLC now has, or during the pendency of this action will have, certain tangible or intangible goods, chattels, credits, freights, effects, debts, obligations, assets and/or funds belonging to, owed to, claimed by

or being held for Defendant Windrose within their custody or possession and/or under their control within this District.

33.     Plaintiff Areti therefore seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B attaching, *inter alia*, any property of Defendant Windrose held by the garnishee or otherwise present in this District for the purpose of obtaining personal jurisdiction over Windrose, and to secure Plaintiff Areti's claims as described above.

WHEREFORE, Plaintiff Areti prays:

a.      That process in due form of law according to the practice of this Court issue against the Defendant Windrose, citing it to appear and answer under oath all and singular the matters alleged;

b.      That to the extent Defendant Windrose cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, all tangible or intangible property of the Defendant Windrose up to and including the sum of $305,535.83 be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Defendant Windrose (collectively "ASSETS"), including but not limited to such ASSETS as may be within the possession, custody or control of any garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.      That all Garnishees served with Process of Maritime Attachment and Garnishment appear and answer in accordance with the requirements of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

d.      For such other, further and different relief as this Court may deem just and proper in the premises.


PALMER BIEZUP & HENDERSON LLP


Dated: December 12, 2019                By:   /s/ Michael B. McCauley
                                                Michael B. McCauley (ID 2416)
                                                1223 Foulk Road
                                                Wilmington, DE 19803
                                                (302) 478-7443
                                                mccauley@pbh.com
                                                Attorneys for Plaintiff Areti Shipping Ltd.


**OF COUNSEL**:

PALMER BIEZUP & HENDERSON LLP
Richard Q. Whelan
Daniel H. Wooster
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900
Attorneys for Plaintiff Areti Shipping Ltd.

PBH570113.1